UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MERILYN WALKINE and
MIGUELSON JOSEPH,

     Plaintiffs,

vs.

UNITED STATES OF AMERICA,

     Defendant.
_____/

## COMPLAINT FOR DAMAGES UNDER
## THE FEDERAL TORT CLAIMS ACT

The Plaintiffs, MERILYN WALKINE and MIGUELSON JOSEPH, ("PLAINTIFFS"),
by and through their undersigned attorneys, hereby sue the Defendant, UNITED STATES
OF AMERICA (hereinafter "USA") and allege as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.     Plaintiff, MERILYN WALKINE, is a resident the State of Florida, and resides
in St. Lucie County and is otherwise *sui juris* for this action in the Southern District of
Florida.

2.     Plaintiff, MIGUELSON JOSEPH, is a resident the State of Florida, and
resides in St. Lucie County and is otherwise *sui juris* for this action in the Southern District
of Florida.

3.     The claims herein are brought against the USA pursuant to the Federally
Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. §
233(g)(k), and the amended the Federally Supported Health Centers Assistance Act of

1995, Public Law No. 104-73, 42 U.S.C. §201 provides that the Federal Tort Claims Act Act 28 U.S.C. §1346(b), § 2401(b) and § 2671-80, is the exclusive remedy, for injuries including death, caused by employees of a deemed community health center.

4.     Plaintiffs' claim is brought under the theory of medical malpractice, Florida Statutes, Chapter 766.

5.     a.     At the time of the alleged medical malpractice, CHARLES M. ZOLLICOFFER, M.D. and PABLO R. GONZALEZ, M.D. were employees of FLORIDA COMMUNITY HEALTH CENTERS, INC., were acting in the course and scope of their employment, and were deemed employees of the United States pursuant to 42 U.S.C. § 233.

b.  At the time of the alleged medical malpractice, pursuant to 42 U.S.C. § 2339 (g) FLORIDA COMMUNITY HEALTH CENTERS, INC. was a Federally Supported Health Center and was a deemed federal employee and eligible for Federal Tort Claims Act coverage.

6.     Venue is proper in that all of the acts and omissions forming the basis of these claims occurred at St. Lucie Medical Center in St. Lucie County in the Southern District of Florida, and arose on or about March 21, 2018.

7.     The Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

8.     This suit has been timely filed, in that Plaintiffs timely served notice of their claims on September 12, 2018 to the U.S. Department of Health and Human Services Office of the General Counsel, 330 C. Street, S.W., Switzer Bldg., Suite 2600, Washington, DC, 20201.  (**Exhibit A**).  The USDHHS assumed responsibility for processing the claim on September 24, 2018. Additionally,  Plaintiffs have completed an extensive pre-suit

screening process of the claim in compliance with Florida Statutes §766.106, however, the government did comply or take part in the Florida presuit process.

9.  The requirements for filing an F.T.C.A. claim were met by the Plaintiffs.

## EVENTS FORMING THE BASIS OF THE CLAIM

10.  On March 19, 2018, Merilyn Walkine was admitted to St. Lucie Medical Center because she was experiencing pelvic pressure and discomfort. Ms. Walkine was 35 weeks pregnant. Charles M. Zollicoffer, M.D. and Pablo R. Gonzalez, M.D., who were employed by Florida Community Health Centers, Inc. were her attending physicians. They were in the course and scope of their employment with Florida Community Health Centers on March 19, 2018 - March 20, 2018 when they committed the negligence at issue in this case.

11.  Upon admission, Ms. Walkine had elevated blood pressure and was diagnosed with mild preeclampsia. An ultrasound was performed which showed the fetus to be 5lb 8oz and healthy, however the fetal monitor strips showed fetal heart decelerations on several occasions during her hospital admission March 19, 2018 through March 20, 2018. Dr. Zollicoffer was notified of these decelerations by the nursing staff of St. Lucie Medical Center. Ms. Walkine was concerned for her baby's safety, and she requested to have the baby at this time via Cesarean delivery, however Dr. Zollicoffer told Ms. Walkine that he would like her to get to 37 weeks. Dr. Gonzalez discharged Ms. Walkine home on March 20, 2018 with elevated blood pressure and preeclampsia and she was told to be on restricted activity and bed rest.

12.  When Ms. Walkine arrived home from the hospital, she ate dinner and went to bed. The next morning, on March 21, 2018, she awoke with pain and cramping, and went immediately to St. Lucie Medical Center ER. Upon arrival, Dr. Zollicoffer examined

Ms. Walkine and the baby, and he advised there were no fetal heart tones.  An emergency Cesarean was performed and Ms. Walkine gave birth to a dead baby's baby, Messiah, was stillborn.

13.     Some time during/after the delivery, Merilyn Walkine suffered a pulmonary embolism requiring further hospitalizations and medical treatment which continues to date.

### COUNT I
### MEDICAL NEGLIGENCE CLAIM F.T.C.A. AGAINST
### THE UNITED STATES OF AMERICA
### FOR THE ACTIONS OF CHARLES M. ZOLLICOFFER, M.D.

The Plaintiffs reallege and reaver paragraphs 1-13 as if specifically set forth herein.

14.   At all times material, Plaintiff, MERILYN WALKINE, was a patient of Defendant USA, through, CHARLES M. ZOLLICOFFER, M.D., and at that time she was provided medical health care and treatment by CHARLES M. ZOLLICOFFER, M.D.  As such, at all times material hereto, medical provider/patient relationship existed between CHALRES M. ZOLLICOFFER, M.D. and MERILYN WALKINE.

15.     By virtue of the relationship, the Defendant, USA, through, CHARLES M. ZOLLICOFFER, M.D., owed a duty to Plaintiff, MERILYN WALKINE, to provide care and treatment which would comply with the prevailing professional standard of care.

16.     Notwithstanding the duty as alleged in paragraph 15 above, the Defendant USA, through, CHARLES M. ZOLLICOFFER, M.D., committed the following acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiff, MERILYN WALKINE :

a.     Failing to timely deliver MERILYN WALKINE'S baby based upon the information readily available to them on 3/19/18 through 3/20/2018;

-4-

b.     Failing to acknowledge the symptoms for potential placental abruption;

c.     Failing to diagnose and appropriately treat mother and unborn child in light of decreased fetal heart rate and late decelerations;

d.     Negligently discharging MERLILYN WALKINE from the hospital with symptoms of preeclampsia;

e.     Negligently failing to appropriately manage MERILYN WALKINE'S third trimester of pregnancy;

f.     Negligently failing to perform emergent c-section during MERILYN WALKINE'S hospital admission 3/19/18 through 3/20/18.

g.     Providing medical services to MERILYN WALKINE in a wrongful manner as described in F.S. Sect. 768.118(6) and F.S. Sect. 768.118(6) ( c).

17.     As a direct and proximate result the negligence and wanton and willful disregard for the rights and human safety of the of the Defendant, USA, through CHARLES M. ZOLLICOFFER, M.D., MERILYN WALKINE'S baby died in utero at 35 weeks, and MERILYN WALKINE suffered a pulmonary embolism. As such, MERILYN WALKINE and MIGUELSON JOSEPH have suffered and claim any and all available damages under Federal and Florida Law including, but not limited to the following:

A.     Damages claimed by parent, MERILYN WALKINE:

(1)     Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)     Past and future loss of filial consortium;

(3)     All economic and non-economic damages associated in any way the pulmonary embolism suffered by MERILYN WALKINE during/after the delivery of her baby.

-5-

C.   Damages claimed by parent, MIGUELSON JOSEPH:

(1)   Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)   Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, MERILYN WALKINE and MIGUELSON JOSEPH, demand judgment for the damages listed above against Defendant, USA.

**COUNT I**
**MEDICAL NEGLIGENCE CLAIM F.T.C.A. AGAINST**
**THE UNITED STATES OF AMERICA**
**FOR THE ACTIONS OF PABLO R. GONZALEZ, M.D.**

The Plaintiffs reallege and reaver paragraphs 1-13 as if specifically set forth herein.

18.   At all times material, Plaintiff, MERILYN WALKINE, was a patient of Defendant USA, through, PABLO R. GONZALEZ, M.D., and at that time she was provided medical healthcare and treatment by PABLO R. GONZALEZ, M.D.  As such, at all times material hereto, medical provider/patient relationship existed between PABLO R. GONZALEZ, M.D. and MERILYN WALKINE.

19.   By virtue of the relationship, the Defendant, USA, through, PABLO R. GONZALEZ, M.D., owed a duty to Plaintiff, MERILYN WALKINE, to provide care and treatment which would comply with the prevailing professional standard of care.

20.   Notwithstanding the duty as alleged in paragraph 19 above, the Defendant USA, through, PABLO R. GONZALEZ M.D., committed the following acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiff, MERILYN WALKINE :

-6-

a.     Failing to timely deliver MERILYN WALKINE'S baby based upon the information readily available to them on 3/19/18 through 3/20/2018;

b.     Failing to acknowledge the symptoms for potential placental abruption;

c.     Failing to diagnose and appropriately treat mother and unborn child in light of decreased fetal heart rate and late decelerations;

d.     Negligently discharging MERLILYN WALKINE from the hospital with symptoms of preeclampsia;

e.     Negligently failing to appropriately manage MERILYN WALKINE'S third trimester of pregnancy;

f.     Negligently failing to perform emergent c-section during MERILYN WALKINE'S hospital admission 3/19/18 through 3/20/18.

g.     Providing medical services to MERILYN WALKINE in a wrongful manner as described in F.S. Sect. 768.118(6) and F.S. Sect. 768.118(6) ( c).

21.     As a direct and proximate result the negligence and wanton and willful disregard for the rights and human safety of the of the Defendant, USA, through PABLO R. GONZALEZ, M.D., MERILYN WALKINE'S baby died in utero at 35 weeks, and MERILYN WALKINE suffered a pulmonary embolism. As such, MERILYN WALKINE and MIGUELSON JOSEPH have suffered and claim any and all available damages under Federal and Florida Law including, but not limited to the following:

A.     Damages claimed by parent, MERILYN WALKINE:

(1)     Past and future non-economic damages, including but not limited to,  mental pain and suffering;

-7-

(2)    Past and future loss of filial consortium;

(3)    All economic and non-economic damages associated in any way the pulmonary embolism suffered by MERILYN WALKINE during/after the delivery of her baby.

C.  Damages claimed by parent, MIGUELSON JOSEPH:

(1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)    Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, MERILYN WALKINE and MIGUELSON JOSEPH, demand judgment for the damages listed above against Defendant, USA.

**COUNT III**
**VICARIOUS LIABILITY CLAIM FOR MEDICAL MALPRACTICE UNDER**
**FLORIDA STATUTES CHAPTER 766**
**AGAINST THE UNITED STATES OF AMERICA FOR THE LIABILITY OF**
**FLORIDA COMMUNITY HEALTH CENTERS, INC. FOR THE ACTIONS OF CHARLES**
**M. ZOLLICOFFER, M.D.**

The Plaintiffs re-adopt and re-allege all allegations above, (paragraphs 1-3) and further alleges as follows:

22.    At all times material hereto, CHARLES M. ZOLLICOFFER, M.D., was a physician duly licensed to practice medicine in the State of Florida and held himself out to the public at large and to the Plaintiff, MERILYN WALKINE and her unborn baby, as a physician skilled in the practice of medicine and in particular in the specialty of obstetrics and gynecology.

23.    At all times material hereto, CHARLES M. ZOLLICOFFER, M.D., was employed by FLORIDA COMMUNITY HEALTH CENTERS, INC. and was treating the

Plaintiff, MERILYN WALKINE, within the course and scope of his employment with FLORIDA COMMUNITY HEALTH CENTERS, INC.

24.     On March 19, 2018, the Defendant USA, through, FLORIDA COMMUNITY HEALTH CENTERS, INC. and CHARLES M. ZOLLICOFFER, M.D., committed the following acts or omissions of negligence, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiff, MERILYN WALKINE :

a.     Failing to timely deliver MERILYN WALKINE'S baby based upon the information readily available to them on 3/19/18 through 3/20/2018;

b.     Failing to acknowledge the symptoms for potential placental abruption;

c.     Failing to diagnose and appropriately treat mother and unborn child in light of decreased fetal heart rate and late decelerations;

d.     Negligently discharging MERLILYN WALKINE from the hospital with symptoms of preeclampsia;

e.     Negligently failing to appropriately manage MERILYN WALKINE'S third trimester of pregnancy;

f.     Negligently failing to perform emergent c-section during MERILYN WALKINE'S hospital admission 3/19/18 through 3/20/18.

g.     Providing medical services to MERILYN WALKINE in a wrongful manner as described in F.S. Sect. 768.118(6) and F.S. Sect. 768.118(6) ( c).

25.     As a direct and proximate result the negligence and wanton and willful disregard for the rights and human safety of the of Defendant USA, through, FLORIDA

-9-

COMMUNITY HEALTH CENTERS, INC. and CHARLES M. ZOLLICOFFER, M.D., MERILYN WALKINE'S baby died in utero at 35 weeks, and MERILYN WALKINE suffered a pulmonary embolism. As such, MERILYN WALKINE and MIGUELSON JOSEPH have suffered and claim any and all available damages under Federal and Florida Law including, but not limited to the following:

A.    Damages claimed by parent, MERILYN WALKINE:

(1)    Past and future non-economic damages, including but not limited to,  mental pain and suffering;

(2)    Past and future loss of filial consortium;

(3)    All economic and non-economic damages associated in any way the pulmonary embolism suffered by MERILYN WALKINE during/after the delivery of her baby.

C.    Damages claimed by parent, MIGUELSON JOSEPH:

(1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)    Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, MERILYN WALKINE and MIGUELSON JOSEPH, demand judgment for the damages listed above against Defendant, USA.

## COUNT IV
### VICARIOUS LIABILITY CLAIM FOR MEDICAL MALPRACTICE UNDER FLORIDA STATUTES CHAPTER 766
### AGAINST THE UNITED STATES OF AMERICA FOR THE LIABILITY OF FLORIDA COMMUNITY HEALTH CENTERS, INC. FOR THE ACTIONS OF PABLO R. GONZALEZ, M.D.

The Plaintiffs re-adopt and re-allege all allegations above, (paragraphs 1-3) and further alleges as follows:

-10-

26.    At all times material hereto, PABLO R. GONZALEZ, M.D., was a physician duly licensed to practice medicine in the State of Florida and held himself out to the public at large and to the Plaintiff, MERILYN WALKINE and her unborn baby, as a physician skilled in the practice of medicine and in particular in the specialty of obstetrics and gynecology.

23.    At all times material hereto, PABLO R. GONZALEZ, M.D., was employed by FLORIDA COMMUNITY HEALTH CENTERS, INC. and was treating the Plaintiff, MERILYN WALKINE, within the course and scope of his employment with FLORIDA COMMUNITY HEALTH CENTERS, INC.

24.    On March 19, 2018, the Defendant USA, through, FLORIDA COMMUNITY HEALTH CENTERS, INC. and PABLO R. GONZALEZ, M.D., committed the following acts or omissions of negligence, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiff, MERILYN WALKINE :

a.    Failing to timely deliver MERILYN WALKINE'S baby based upon the information readily available to them on 3/19/18 through 3/20/2018;

b.    Failing to acknowledge the symptoms for potential placental abruption;

c.    Failing to diagnose and appropriately treat mother and unborn child in light of decreased fetal heart rate and late decelerations;

d.    Negligently discharging MERLILYN WALKINE from the hospital with symptoms of preeclampsia;

e.    Negligently failing to appropriately manage MERILYN WALKINE'S third trimester of pregnancy;

-11-

      f.     Negligently failing to perform emergent c-section during MERILYN WALKINE'S hospital admission 3/19/18 through 3/20/18.

      g.     Providing medical services to MERILYN WALKINE in a wrongful manner as described in F.S. Sect. 768.118(6) and F.S. Sect. 768.118(6) ( c).

25.    As a direct and proximate result the negligence and wanton and willful disregard for the rights and human safety of the of Defendant USA, through, FLORIDA COMMUNITY HEALTH CENTERS, INC. and PABLO R. GONZALEZ, M.D., MERILYN WALKINE'S baby died in utero at 35 weeks, and MERILYN WALKINE suffered a pulmonary embolism. As such, MERILYN WALKINE and MIGUELSON JOSEPH have suffered and claim any and all available damages under Federal and Florida Law including, but not limited to the following:

A.    Damages claimed by parent, MERILYN WALKINE:

      (1)    Past and future non-economic damages, including but not limited to,  mental pain and suffering;

      (2)    Past and future loss of filial consortium;

      (3)    All economic and non-economic damages associated in any way the pulmonary embolism suffered by MERILYN WALKINE during/after the delivery of her baby.

C.    Damages claimed by parent, MIGUELSON JOSEPH:

      (1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

      (2)    Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, MERILYN WALKINE and MIGUELSON JOSEPH, demand judgment for the damages listed above against Defendant, USA.

26.     Defendant, USA through FLORIDA COMMUNITY HEALTH CENTERS, INC., CHARLES M. ZOLLICOFFER, M.D. and PABLO R. GONZALEZ, M.D. had and undertook the duty to provide the Plaintiff medical care and services in accordance with that level of care which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

27.     By the virtue of the physician/patient relationship identified and alleged above, Defendant, USA through FLORIDA COMMUNITY HEALTH CENTERS, INC., through CHARLES M. ZOLLICOFFER, M.D. and PABLO R. GONZALEZ, M.D., owed a duty to Plaintiffs to provide them with medical care and treatment which would meet or exceed the prevailing professional standard of care.

28.     At all times material, Defendant, USA through CHARLES M. ZOLLICOFFER, M.D. and PABLO R. GONZALEZ, M.D., provided care and treatment to Plaintiff, MERILYN WALKINE and her unborn baby, and they were acting in the course and scope of their employment for Defendant USA and FLORIDA COMMUNITY HEALTH CENTERS, INC. As such, Defendant, USA is responsible for CHARLES M. ZOLLICOFFER, M.D. and PABLO R. GONZALEZ, M.D.'s negligent acts and /or omissions pursuant to *Doctrine of Respondeat Superior.*

WHEREFORE, Plaintiffs, MERILYN WALKINE and MIGUELSON JOSEPH, demand judgment for damages listed in paragraph 25 against the Defendant, USA.

Dated this _28_ day of June, 2019.

MALLARD & SHARP, P.A.
Attorney for Plaintiffs
7700 N. Kendall Drive, Suite 303
Miami, FL 33156
Tel: (305) 461-4800
Fax: (305) 397-2557
Email: bo@mslawcenter.com
Secondary: sally@mslawcenter.com

BY:      /s/  Richard B. Sharp
_____
RICHARD B. SHARP
Fla. Bar No.: 0269890